```
 1 │ ANDREW R. HADEN
   │ Acting United States Attorney
 2 │ JEFFREY M. PIERCE
   │ Assistant United States Attorney
 3 │ Florida State Bar No. 1002549
   │ United States Attorney's Office
 4 │ 880 Front Street, Room 6293
   │ San Diego, California 92101-8893
 5 │ Telephone: (619) 546-8433
 6 │ Attorneys for Plaintiff
   │ UNITED STATES OF AMERICA
```

FILED
DEC 14 2023
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>RAMON EDILIO GOMEZ-PERALTA,<br><br>        Defendant. | Case No. 23-CR-02085-BAS<br><br>**PLEA AGREEMENT**<br><br>(Pre-Indictment<br>Fast-Track Program) |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Andrew R. Haden, Acting United States Attorney, and Jeffrey M. Pierce, Assistant United States Attorney, and defendant, RAMON EDILIO GOMEZ-PERALTA, with the advice and consent of Carmen Rivera, counsel for defendant, as follows:

//
//
//
//
//
//
//

JMP:sd:10/4/23

Def. Initials RG

I

**THE PLEA**

A. THE CHARGE

Defendant agrees to waive Indictment and plead guilty to a single-count Information charging defendant with:

> On or about September 11, 2023, within the Southern District of California, defendant RAMON EDILIO GOMEZ-PERALTA, an alien, knowingly and intentionally attempted to enter the United States of America with the purpose, i.e., conscious desire, to enter the United States without the express consent of the Attorney General of the United States or his/her designated successor, the Secretary of the Department of Homeland Security, after having been previously excluded, deported and removed from the United States, and not having obtained said express consent to reapply for admission thereto; and committed an overt act, to wit, crossing the border from Mexico into the United States, that was a substantial step towards committing the offense, all in violation of Title 8, United States Code, Section 1326(a) and (b).
>
> It is further alleged that defendant was removed from the United States subsequent to March 14, 2023.

B. EARLY DISPOSITION (FAST-TRACK) PROGRAM

The disposition contemplated by this plea agreement is pursuant to an early disposition (Fast-Track) program authorized by the Attorney General of the United States and the Acting United States Attorney for the Southern District of California. In accordance with this program, defendant agrees not to file or argue any substantive motions, including those described in Fed. R. Crim. P. 12.

II

**NATURE OF THE OFFENSE**

A. ELEMENTS EXPLAINED

The offense to which defendant is pleading guilty has the following elements:

    1. Defendant was removed or deported from the United States.

2

Def. Initials *RG*

_____CR_____

2. Defendant had the specific intent to enter the United States free from official restraint and without consent.

3. Defendant was an alien at the time of defendant's attempted reentry into the United States.

4. Defendant had not obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States.

5. Defendant did something that was a substantial step toward committing the crime and that strongly corroborated defendant's intent to commit the crime.

6. Defendant was removed from the United States subsequent to March 14, 2023.

B. ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. On or about ~~March~~ 23, 2023, defendant was lawfully removed from the United States. [handwritten: August 23, 2023]

2. On or about September 11, 2023, defendant had the specific intent to enter the United States free from official restraint and without consent. Defendant intended to enter the United States without being detected, apprehended, or taken into custody by government authorities.

3. Defendant was an alien at the time of defendant's attempted reentry into the United States. Defendant was not a citizen or national of the United States. Defendant is a citizen of The Domincan Republic.

4. Defendant had not obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States.

5. Defendant did something that was a substantial step toward committing the crime and that strongly corroborated defendant's intent to commit the crime. Defendant crossed into the United States from Mexico and was found concealed in the spare tire well of a vehicle attempting to cross through the San Ysidro, California port of entry.

3

Def. Initials _AG_
___CR___

6. Defendant was removed subsequent to March 14, 2023, which is the date of defendant's most recent felony conviction for illegal reentry under 8 U.S.C. § 1326.

7. On or about December 13, 2011, defendant was ~~indicted~~ Convicted of conspiracy to ship, transport, receive and possess contraband cigarettes and transport stolen property in interstate commerce and sentenced to 30 months in prison.

8. On or about March 22, 2013, defendant was lawfully ordered removed or deported from the United States for the first time.

## III

## PENALTIES

The crime to which defendant is pleading guilty carries the following penalties:

A. A maximum 20 years in prison;

B. A maximum $250,000 fine;

C. A mandatory special assessment of $100 per count; and

D. A term of supervised release of up to 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release.

## IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives defendant's right at trial to:

A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. The assistance of counsel at all stages of trial;

D. Confront and cross-examine adverse witnesses;

E. Testify and present evidence and to have witnesses testify on behalf of defendant; and

4

Def. Initials RG
CR

F. Not testify or have any adverse inferences drawn from the failure to testify.

Defendant has been advised by counsel and understands that because defendant is not a citizen of the United States, defendant's conviction in this case make it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future.

V

**DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION**

Any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty, defendant will not be provided this information, if any, and defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or file a collateral attack on the existence of this information.

//
//
//
//
//
//

5

Def. Initials *RG*
_____ CR _____

## VI

### DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw defendant's guilty plea;

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the court;

C. No one has threatened defendant or defendant's family to induce this guilty plea; and,

D. Defendant is pleading guilty because defendant is guilty and for no other reason.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE, SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by defendant.

//
//
//

6

Def. Initials  RG
___ CR ___

VIII

**APPLICABILITY OF SENTENCING GUIDELINES**

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. **Defendant agrees to request that a presentence report be prepared**. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

IX

**SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE**

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what defendant's sentence will be. The Government has not made and will not make any representation as to what sentence defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is **not binding on the Court**. Any recommendation made by the Government at sentencing is also not binding on the Court. If the sentencing judge does not follow any

7

Def. Initials *RG*
CR

of the parties' sentencing recommendations, defendant will not withdraw the plea.

## X

### PARTIES' SENTENCING RECOMMENDATIONS

A. SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

1. Base Offense Level [USSG § 2L1.2(a)]  8

2. Prior Illegal Reentry/Entry Offense  −1
   [USSG § 2L1.2(b)(1)]
   Specific Offense Characteristic to be determined following preparation of a *presentence report, up to a +4.

3. Pre-Removal Order Felony Conviction  −1
   [USSG § 2L1.2(b)(2)]
   Specific Offense Characteristic to be determined following preparation of a *presentence report, up to a +10.

4. Post Removal Order Felony Conviction  −1
   [USSG § 2L1.2(b)(3)]
   Specific Offense Characteristic to be determined following preparation of a *presentence report, up to a +10.

5. Acceptance of Responsibility  −2/3
   [USSG § 3E1.1]

6. Departure for Fast Track  −2*
   [USSG § 5K3.1]

*If defendant is determined by the Government to be in Criminal History Category VI, then the Government will recommend only a two-level downward departure for Fast-Track. Furthermore, the Government reserves

---

[1] The parties are free to argue for the applicability of any Specific Offense Characteristic, pursuant to USSG § 2L1.2(b), based on the information available at the time of sentencing.

8

Def. Initials RG
_____ CR _____

the right to reduce its recommended fast track departure if defendant does not proceed to sentencing on the first date set by the Court unless the parties agree to a continuance or sentencing is continued on the Court's own motion.

B. ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2. Falsely denies prior criminal conduct or convictions;

3. Is untruthful with the Government, the Court or probation officer; or

4. Breaches this plea agreement in any way.

C. FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X of this plea agreement.

D. NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have no agreement as to defendant's Criminal History Category.

E. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and

9

Def. Initials _RG_
____CR____

as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F.  **PARTIES' RECOMMENDATIONS REGARDING CUSTODY**

The Government agrees to recommend that defendant be sentenced to the greater of: the low end of the advisory Guidelines range as calculated by the Government, 13 months and 1 day in custody, or the time served in custody at the time of sentencing.

In addition, defendant admits to being convicted of illegal reentry, in violation of Title 8, United States Code, Section 1326, in the United States District Court, Western District of Texas as evidenced by Case No. 22-CR-01808 (the "prior case"). Should the prior case be before the United States District Court, Southern District of California for revocation of supervised release proceedings, defendant admits to violating the conditions of supervised release that defendant shall not commit any violation of federal law in the prior case. The Government will recommend a sentence at the low end of the advisory Guideline range as calculated by the U.S. Probation Office for the violation(s) in the prior case, and may argue that the sentence imposed run consecutive in whole or in part to the sentence imposed in the instant case. Defendant may argue for a concurrent sentence. Defendant agrees not to file or argue any motions in relation to an Order to Show Cause issued on the basis of the supervised release violation(s) and waives any right to appeal or collaterally attack the sentence imposed for the violation(s) of supervised release in the prior case.

//
//
//

Def. Initials  RG
_____CR_____

G. SPECIAL ASSESSMENT AND FINE

The parties will jointly recommend that defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing. The special assessment shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

The parties will not recommend imposition of a fine due to defendant's limited financial prospects and because the cost of collection, even taking into account the Inmate Responsibility Program, likely would exceed the amounts that could reasonably be expected to be collected.

H. SUPERVISED RELEASE

The Government is free to recommend a period of supervised release. If the Court imposes a term of supervised release, defendant will not seek to reduce or terminate early the term of supervised release until defendant has served at least two-thirds of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment and restitution judgment.

XI

DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order. This waiver includes, but is not limited to, any argument that the statute of conviction or defendant's prosecution is unconstitutional and any argument that the facts of this case do not

11

Def. Initials *RG*
_____ CR _____

constitute the crime charged. The only exceptions are 1) defendant may appeal a custodial sentence above the high end of the guideline range recommended by the Government at sentencing (if USSG § 5G1.1(b) applies, the high end of the range will be the statutorily required mandatory minimum sentence), and 2) defendant may collaterally attack the conviction or sentence on the basis that defendant received ineffective assistance of counsel. If defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

## XII

### BREACH OF THE PLEA AGREEMENT

Defendant and defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

    A.    Failing to plead guilty pursuant to this agreement;

    B.    Failing to fully accept responsibility as established in Section X, paragraph B, above;

    C.    Failing to appear in court;

    D.    Attempting to withdraw the plea;

    E.    Failing to abide by any court order related to this case;

    F.    Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

12

Def. Initials *RG*

CR

G. Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If defendant breaches this plea agreement, defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for defendant's breach.

Additionally, if defendant breaches this plea agreement: (i) any statements made by defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any prosecution of, or any action against, defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by defendant. Additionally, defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the

13

Def. Initials RG
___CR___

Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

### XIII
### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

### XIV
### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that Defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//
//
//
//
//
//
//
//
//
//
//

14

Def. Initials  RG
____CR____

XV

**DEFENDANT SATISFIED WITH COUNSEL**

Defendant has consulted with counsel and is satisfied with counsel's representation. This is defendant's independent opinion, and defendant's counsel did not advise defendant about what to say in this regard.

Respectfully submitted,

ANDREW R. HADEN
Acting United States Attorney

12/12/2023
DATED

*signature* (for JMP)
JEFFREY M. PIERCE
Assistant U.S. Attorney

12/8/23
DATED

CARMEN RIVERA
Defense Counsel

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.

12/8/23
DATED

Ramon E Gomez
RAMON EDILIO GOMEZ-PERALTA
Defendant

Approved by:

*s/ Charlotte E. Kaiser*
CHARLOTTE E. KAISER
Assistant U.S. Attorney

Rev. 1/13/2023 cek

15

Def. Initials RG
_____CR_____